R. A. JOHNSON and Another v. CHURCH OF ST. CHARLES.[1]

July 10, 1914.

Nos. 18,621—(161).

**Measure of damages — charge to jury.**

In an action to recover the contract price for the installation of a hot water heating plant it is *held:*

(1) That by the verdict returned for the plaintiffs it is established that the heating plant was so constructed as to fulfil the requirements of the contract as to heating capacity; and that therefore it is immaterial whether the proper measure of damages for nonperformance was given.

(2) That the court was in error in charging the jury that they could allow only nominal damages because of unworkmanlike construction resulting in the placing of certain pipes in such a position as to make them unsightly.

Action in the district court for Winona county to recover $330.40. The case was tried before Snow, J., and a jury which returned a verdict of $300 in favor of plaintiffs. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed on condition.

*Brown, Abbott & Somsen,* for appellant.

*Webber & Lees,* for respondents.

DIBELL, C.

This is an action to recover the contract price for the installation of a hot water heating plant for the defendant. There was a verdict

[1] Reported in 148 N. W. 281.

for the plaintiffs. The defendant appeals from the order denying its motion for a new trial.

1. The plaintiffs agreed that the heating plant should have a stated heating capacity. The balance claimed in their complaint and supported by the proofs was $330.40. The verdict was for $300. A majority of the court are of the opinion that the verdict establishes the fact that the heating plant was constructed in conformity with the requirements of the contract. This being so it is not material whether the court gave the jury the correct measure of damages for a breach of the contract. A minority of the court are of the opinion that the verdict does not establish the performance of the contract and that the question of the proper measure of damages is for consideration. The writer is of the opinion of the minority.

2. In the installation of the plant the plaintiffs extended the hot water pipes, designated as risers, from the floor to the ceiling, where the pipes were angled off horizontally at convenient distances, and without uniformity, beneath the ceiling, and then extended through the ceiling to the floor above and connected with the radiators. There was evidence that this was not a workmanlike way of placing the pipes and that the rooms were made unsightly. The court charged the jury, in effect, that the placing of the pipes in this manner, instead of between the ceiling and the floor above, was of no particular consequence and nothing more than nominal damages could be allowed for it. There was evidence to the effect that it would cost $200 to put the pipes in the condition required by good workmanship. In its answer the defendant claimed damages of $100.

The claim of the defendant was not one to be disregarded. It was at the least for the jury and the charge was erroneous.

A new trial must be had unless the plaintiffs consent that their verdict be reduced by the sum of $100. If within 10 days after the going down of the remittitur the plaintiffs file such consent, the judgment will stand affirmed; otherwise it will stand reversed with directions for a new trial.

Judgment affirmed on condition.